YVONNE V. HENRY v. HECTOR H. HENRY

No. 7326SC132

(Filed 25 April 1973)

**Husband and Wife § 13— action for payments due under separation agreement — counterclaim for overpayments — erroneous entry of summary judgment**

In this action to recover a sum allegedly due plaintiff under the terms of a separation agreement predicated upon defendant's income from 1965 through 1971 wherein defendant counterclaimed for overpayments allegedly made after the marriages of his daughters and for overpayments based on his income for certain years, there were genuine triable issues of material fact as to plaintiff's claim and as to defendant's counterclaim, and the trial court erred in dismissing plaintiff's complaint and entering summary judgment awarding defendant an amount on his counterclaim.

APPEAL by plaintiff from *Snepp, Judge,* 24 July 1972 Session of Superior Court held in MECKLENBURG County.

This is a civil action wherein plaintiff, Yvonne V. Henry, seeks to recover from defendant, Hector H. Henry, $6,795.68, for defendant's alleged failure to make certain payments to the plaintiff under the terms of a "Deed and Contract of Separation." In her complaint plaintiff alleged that she and defendant entered into a deed of separation on 9 October 1963, which, among other things, provided:

"The husband agrees to pay to the wife . . . for the support and maintenance of herself and the aforesaid minor children of the parties hereto, the sum of $600.00 per month . . . . * * * The husband shall also make the monthly payments of approximately $193.00, including taxes and insurance, on the house and lot owned by the parties as tenants by the entireties and located at 3535 Providence Road in Charlotte, North Carolina, and the wife and their children shall have the right to reside therein to the exclusion of the husband. * * * At the end of two years, the parties agree to sell said house and lot if the wife elects to do so and the equity will be divided equally between the parties. In the event the wife elects for the parties to sell the house and lot, the payments to the wife shall be increased to $1,000.00 per month; however, the $1,000.00 monthly payments shall be reduced by the sum of $150.00 as each child finishes college, become self-supporting,

marries or dies, whichever event should occur first. * * *
The above support payments of the husband are based on
his present net income of approximately $33,000.00 per
year before taxes. In the event the husband's net income
before taxes should exceed $35,000.00 per year, then the
support payments of the husband above set forth shall be
increased by 10 per cent of such amount earned over and
above $35,000.00. In the event the husband's net earnings
after taxes should decrease to an amount less than
$30,000.00 per year, then the support payments of the
husband shall be decreased by 10 per cent of the amount
earned less than $30,000.00."

Plaintiff alleged that under the terms of the deed of separa-
tion and predicated on the defendant's income for the years
1965 through 1969, the defendant is indebted to the plaintiff in
the sum of $3,361.89, and that predicated on his income for
1970 defendant is indebted to the plaintiff in an additional sum
of $1,700.00. Plaintiff was allowed to amend her complaint to
allege that based on defendant's income from the years 1965
through 1971, the defendant was indebted to her in the total
sum of $6,795.68.

Defendant filed answer and admitted execution of the
contract and deed of separation referred to in the complaint
but denied that he was indebted to plaintiff in any amount.
Defendant filed a counterclaim wherein he alleged that one of
the children, Janie Henry, was married in August, 1964; that
the house and lot described in plaintiff's complaint was sold
in August, 1966; and that defendant made payments to plaintiff
in the sum of $1,000.00 per month from September, 1966,
through October, 1969; and that he made payments in the sum
of $850.00 per month from November, 1969, through June,
1970; and that in March, 1970, the other child, Yvette Henry,
was married. Defendant further alleged that "during the years
1964, 1965 and 1966 the defendant's net earnings after taxes
were less than $30,000.00 per year." In his counterclaim (Para-
graph 11, as amended), defendant alleged:

"That by reason of the defendant's net earnings after
taxes being below the sum of $30,000.00 in the above set-out
years, and as a result of the continued support payments
made on behalf of Janie Henry after her marriage, the

defendant has prepaid the plaintiff for the years 1964 through 1969, in the sum of $3,190.92."

Defendant, with respect to the year 1970, alleged:

"That the defendant had net income before taxes for the year 1970 of $20,155.55 above the $35,000.00 set out in the Separation Agreement. Based on the provisions of the Separation Agreement, this would entitle the plaintiff to the sum of $2,015.56 for the year 1970 above the amount payable to her for herself and one child under the terms of the Separation Agreement. However, during the year 1970 the defendant prepaid the plaintiff the sum of $450.00 by paying the plaintiff support for the daughter Yvette for the months of April, May and June after she had been married in March of 1970, leaving a net underpayment for 1970 of $1,565.56."

With respect to the year 1971, defendant filed his "Answer to Amended Complaint" alleging that plaintiff was entitled to an additional payment in the amount of $1,418.25. Defendant demanded judgment on his counterclaim against plaintiff in the sum of $207.11, with interest and costs.

Plaintiff filed a reply to defendant's counterclaim wherein she admitted the marriages of her daughters in August, 1964, and March, 1970; the receipt of $1,000.00 per month from September, 1966, through October, 1969; the receipt of $850.00 per month from November, 1969, through June, 1970; that during the years 1964 through 1966 defendant's net earnings after taxes were less than $30,000.00 per year; and that defendant's income before taxes in 1971 exceeded $35,000.00 by $14,162.49. Plaintiff denied that defendant's net income before taxes in the year 1970 exceeded $35,000.00 by $20,155.55. Plaintiff further denied that she had been prepaid or unjustly enriched in the amount of $3,661.31 during the years 1964 through 1969 as a result of continued support payments made on behalf of Janie Henry after her marriage in 1964 or that she had been prepaid or unjustly enriched in the amount of $450.00 during the months of April, May and June, 1970, as a result of continued support payments made on behalf of Yvette Henry after her marriage in March, 1970.

Plaintiff further alleged that defendant's counterclaim failed to state a claim upon which relief could be granted and that defendant should be equitably estopped to assert the claim

of unjust enrichment because he was cognizant of the marriages of his daughters in August, 1964, and March, 1970, yet continued to make the alleged payments which plaintiff reported as taxable income and which defendant deducted from his income taxes both state and federal, all to the prejudice of plaintiff. As further defenses, plaintiff alleged that all such payments were voluntary and that the three year statute of limitations, G.S. 1-52, bars "any portions of the counterclaim relating to the years 1964, 1965, 1966, 1967 and through May 5, 1968. . . . " Finally, plaintiff asserted "the doctrine of laches, with reference to any portion of the defendant's counterclaim concerned with the period from May 5, 1968 through June 1970, in that the defendant has waited and negligently omitted for an unreasonable time to assert or enforce any equitable rights under the theory of unjust enrichment, which right is denied."

On 10 February 1972 plaintiff filed motion for summary judgment, which motion was denied. Thereafter plaintiff amended her complaint but did not renew her motion for summary judgment. Defendant, on 4 May 1972 filed motion for summary judgment in his favor "for the relief prayed for in the counterclaim . . . as amended . . . . " In support of his motion for summary judgment, defendant filed an affidavit, the pertinent provisions of which, except where quoted, are summarized as follows:

(1) In 1964, defendant's net income after taxes was $27,978.78;

(2) In 1965, defendant's net income after taxes was $29,456.74, entitling defendant to deduct $54.32 from the alimony payments to plaintiff during that year. Defendant's 1965 income tax return erroneously reflects a deduction of $7,200.00 as alimony; whereas, it should have also included "the house payment of $193.00 per month, including taxes and insurance, the water bill, gas bill, power and light bill and all other payments made on behalf of the plaintiff."

(3) In 1966, defendant's net income after taxes was $29,899.38, entitling defendant to deduct $10.06 from the alimony payments to plaintiff during that year. Defendant's 1966 income tax return lists a deduction of $8,800.00 as alimony, which figure is incorrect "in that it should have included the other payments set out in the separation agreement which were applicable prior to the sale of the home." Janie Henry was mar-

ried in August, 1964, but defendant inadvertently made payments of $150.00 per month for her support (after the sale of the home in August, 1966), resulting in an overpayment of $600.00 to plaintiff in 1966.

(4) In 1967, defendant's net business income before taxes was $41,910.48, exceeding $35,000.00 by $6,910.48. Defendant inadvertently continued to make payments of $150.00 per month for the support of his daughter Janie who was married in August, 1964, resulting in a net overpayment to plaintiff of $1,108.96. Defendant's income tax return for 1967 reflected alimony payments of $12,000.00.

(5) In 1968, defendant's net business income before taxes was $41,849.35, exceeding $35,000.00 by $6,849.35. Defendant's 1968 income tax return showed alimony payments of $12,000.00. Defendant inadvertently continued to make payments of $150.00 per month for the support of his daughter, Janie, during the year 1968, resulting in a net overpayment to plaintiff of $1,115.06 for that year.

(6) In 1969, defendant's net business income before taxes was $48,995.99, exceeding $35,000.00 by $13,995.99. Defendant's 1969 income tax returns showed alimony payments to plaintiff of $11,700.00. Defendant inadvertently continued to make support payments of $150.00 per month for his daughter, Janie, through October, 1969, resulting in a net overpayment to plaintiff of $100.40 for that year.

(7) In 1970, defendant's net business income before taxes was $55,155.55, exceeding $35,000.00 by $20,155.55. Defendant's 1970 income tax return showed alimony payments to plaintiff in the amount of $9,300.00. Defendant was not advised of the marriage of his daughter, Yvette, in March, 1970, and continued to make payments for her support in the amount of $150.00 per month until June, 1970, resulting in a net underpayment to plaintiff of $1,565.56 for the year 1970.

(8) "That taking into consideration both the prepayment made by affiant to the plaintiff of $450.00 in the year 1970 and the under payment remaining in favor of plaintiff for the year 1970 of $1,565.56, and taking into consideration all of the prior over payments and prepayments for the years 1964 through 1969, the affiant has over paid the plaintiff through the year 1970 the total sum of $1,625.36."

*In re Phillips*

From the entry of summary judgment 24 July 1972 dismissing "plaintiff's complaint . . . on the merits" and awarding defendant $207.11 on his counterclaim, plaintiff appealed.

*Cole & Chesson by James L. Cole for plaintiff appellant.*

*DeLaney, Millette & DeArmon by Samuel M. Millette for defendant appellee.*

HEDRICK, Judge.

It is manifest from the record before us that there are genuine triable issues of material fact as to plaintiff's claim and as to defendant's counterclaim. The trial judge erred in dismissing plaintiff's complaint and in entering summary judgment awarding defendant $207.11 on his counterclaim. G.S. 1A-1, Rule 56.

The judgment is

Reversed.

Judges BROCK and PARKER concur.